UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re VEECO INSTRUMENTS, INC.     :     MDL No.: 7:05-md-01695 (CM)
SECURITIES LITIGATION             :
---------------------------------------------------------x
---------------------------------------------------------x
THIS DOCUMENT RELATES TO          :
ALL ACTIONS                       :
                                  :
---------------------------------------------------------x

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS CONCERNING VEECO'S INTERNAL INVESTIGATION

Plaintiffs hereby move the Court for an order compelling Defendants Veeco Instruments, Inc. ("Veeco" or the "Company"), Edward H. Braun, John F. Rien, Jr., John P. Kiernan, and R. Michael Weiss (the "Individual Defendants"), (collectively, the "Defendants"), to produce all reports, workpapers, interview notes, memoranda, correspondence, and any other documents, electronic or otherwise, created or prepared by Veeco, Jefferson Wells International, Inc., Veeco's outside counsel Kaye Scholer LLP, Veeco's outside auditor Ernst & Young, LLP, or anyone else in connection with the investigation of TurboDisc accounting and the restatement of Veeco's financials for the first, second, and third quarters and first nine months of 2004, referenced in, *inter alia*, Veeco's February 11, 2005 and March 16, 2005 press releases, and as requested in Plaintiffs' First Request for Production of Documents Directed to All Defendants, at Requests Nos. 7-10 (the "Requested Documents").

1. On November 7, 2005, Lead Plaintiff Steelworkers Pension Trust filed a Consolidated Amended Class Action Complaint against Defendants.

2. On April 6, 2006, Plaintiffs filed Plaintiffs' First Request for Production of Documents Directed to All Defendants.

3. On May 9, 2006, Defendants served their responses and objections to Plaintiffs' discovery requests.

4. Defendants objected to Plaintiffs' Requests for Production of Documents Nos. 7-10 by asserting that the Requested documents are shielded from discovery by the attorney-client privilege and the work product doctrine.

5. As described in Plaintiffs' memorandum in support of this motion, the Requested Documents are not entitled to protection by either the attorney-client privilege or the work product doctrine. Further, should the Court find either the attorney-client privilege or the work product doctrine applicable to the Requested Documents, Defendants must still produce the Requested Documents because, as a result of Defendants' actions, any applicable attorney-client privilege and the work product doctrine protection have been waived. Finally, Plaintiffs can demonstrate a substantial need for the Requested Documents and are unable to obtain a substantial equivalent without undue hardship.

6. Plaintiffs made a good faith effort to resolve outstanding issues related to Defendants' incomplete production of documents, without seeking the assistance of the Court.

7. Because Plaintiffs' good faith attempts to have Defendants address their inadequate discovery responses have failed, Plaintiffs have filed this Motion to Compel.

For all of the foregoing reasons, Plaintiffs respectfully requests that the Court find good cause to accept and grant this motion to compel Defendants to the "Requested Documents." In addition, in accordance with Federal Rule of Civil Procedure 37(a)(4), Plaintiffs ask the Court to require Defendants to reimburse Plaintiffs' for the reasonable expenses incurred in making this motion.

Respectfully Submitted,

DATED: August 21, 2006

**BERGER & MONTAGUE, P.C.**

By: _____
Sherrie R. Savett
Phyllis M. Parker
Jeffrey L. Osterwise
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

408608_05.wpd

3