UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.           :     Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION                   :
------------------------------------------------- x
------------------------------------------------- x
THIS DOCUMENT RELATES TO                :
ALL ACTIONS                             :
------------------------------------------------- x

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR ENTRY OF AN ORDER APPROVING NOTICE OF
<u>PENDENCY OF CLASS ACTION AND NOTICE PROCEDURES</u>**

AND NOW THIS ___ day of May, 2007, upon consideration of Lead Plaintiff's ("Plaintiff") application for approval of notice of pendency of class action and for approval and direction of procedures for giving notice of pendency of class action, IT IS HEREBY ORDERED THAT the application is GRANTED.

The proposed Notice of Pendency of Class Action (the "Notice")(*see* Parker Decl. Ex. A), comports with the mandate of Federal Rule of Civil Procedure 23(c)(2)(B) in that it plainly states the nature of the action, the definition of the Class certified and the Class claims, issues or defenses, and in that it advises each member of the Class that:

1. The Court will exclude from the Class any member who requests exclusion by a specified date;

2. The judgment, whether favorable or not, will include all members who do not request exclusion; and

3. Any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

IT IS HEREBY FURTHER ORDERED THAT Plaintiff's proposal to mail the Notice to

all potential members of the Class who can be identified through reasonable effort, and to publish the Summary Notice of Pendency of Class Action(the "Summary Notice")(*see* Parker Decl. Ex. B), once in the national edition of *The Wall Street Journal*, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

IT IS HEREBY FURTHER ORDERED THAT:

1. In order to identify the names and addresses of those persons and entities who may be members of the Class, Veeco Instruments, Inc. ("Veeco") shall authorize and direct its transfer agent(s) and the Depository Trust Company to provide Lead Counsel's designee, the Notice Administrator designated below, electronic listings of all holders of record of Veeco securities during the period April 26, 2004 through February 28, 2005 (approximately three weeks after the end of the Class Period). Veeco shall authorize or request that its transfer agent(s) and the Depository Trust Company provide such lists to Lead Counsel's designee, the Notice Administrator, no later that seven (7) calendar says following the entry of this Order. Such listings shall be furnished to Lead Counsel or the Notice Administrator in electronic format as to facilitate prompt mailing.

2. Plaintiff's Lead Counsel are hereby authorized to retain Heffler, Radetich & Saitta LLP ("Notice Administrator") to supervise and administer the notice procedure as more fully set forth below:

    (a) Not later that seventeen (17) days after the entry of this Order (the "Notice

2

Date"), Lead Counsel shall cause a copy of the Notice, substantially in the form submitted to the Court, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later that seven (7) days from the Notice Date, Lead Counsel shall cause the Summary Notice, substantially in the form submitted to the Court, to be published once in the national edition of *The Wall Street Journal;* and

(c) Lead Counsel shall serve on the Defendants' counsel and file with the Court, proof, by affidavit or declaration, of such mailing and publishing.

3. The Notice Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Veeco securities as record owners but not as beneficial owners. Nominee owners who purchased Veeco securities for the benefit of another person during the Class Period shall be requested to send the Notice to all such beneficial owners within seven (7) days after receipt thereof, or to send a list of names and addresses of such beneficial owners to the Notice Administrator within seven (7) days of receipt thereof, in which event the Notice Administrator shall promptly mail the Notice to such beneficial owners. Nominee owners who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed,

upon receipt by the Notice Administrator of proper documentation, for the reasonable expense of sending the Notice to beneficial owners. Copies of the Notice shall also be posted on the Notice Administrator's internet website.

4. Any person falling within the definition of the Class shall be bound by all determinations and judgements in the above-captioned action, whether favorable or unfavorable to the Class, unless such person requests exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request for exclusion shall mail the request by first class mail postmarked no later than July 6, 2007 to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *In re Veeco Instruments, Inc. Sec. Litig.* and must be signed by such person. Persons requesting exclusion are also directed to state the date, type and number of Veeco securities purchased and sold. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to any recovery that might be obtained in the above-captioned action; and

5. Any member of the Class may enter an appearance in the above-captioned action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

SO ORDERED, this ___ day of May, 2007:

                                                    _____
                                                    THE HONORABLE COLLEEN MCMAHON