UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
In re VEECO INSTRUMENTS, INC.   :       Case No.: 7:05-md-01695 (CM)
SECURITIES LITIGATION         :
------------------------------------------------------ x
------------------------------------------------------ x
THIS DOCUMENT RELATES TO   :
ALL ACTIONS                    :
------------------------------------------------------ x

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION IN *LIMINE* TO BIFURCATE THE TRIAL

**I.    INTRODUCTION**

Defendants filed a motion *in limine* on June 6, 2007 requesting the Court to bifurcate the trial of Plaintiffs' securities fraud claims into a liability phase and a damages phase. Lead Plaintiff Steelworkers Pension Trust, on behalf of itself and the Class (collectively, "Plaintiffs"), hereby opposes that request.

Defendants' motion to bifurcate should be rejected as they fail to show that this case is exceptional in that separate trials of the liability and damages issues is clearly necessary to prevent undue prejudice and that bifurcation would create efficiencies and foster judicial economy. Defendants fail to cite to any securities class action in which class-wide issues, including liability and damages, were tried separately.

Defendants cannot legitimately claim that they will suffer undue prejudice when, during a single trial on all elements of Plaintiffs' securities fraud claims, evidence regarding damages is presented. Damages is a necessary element of a securities fraud violation under Sections 10(b) and 20(a) of the Securities Exchange Act, and Plaintiffs plan to present damages to the jury on a per

share basis using a class-wide formula, not on an aggregate basis, as Defendants fear. In addition, separately trying liability and damages would likely result in huge inefficiencies, increased expenses, significant inconvenience, and further delay, while sapping judicial resources. In securities fraud claims, damages issues, including materiality and loss causation, are inextricably intertwined with liability issues. Consequently, separate trials would result in duplicative documentary evidence and redundant witness testimony to establish the factual background and to provide information on issues such as falsity, materiality, and causation.

For these reasons, which are discussed more fully below, this case simply does not present the extraordinary situation required to overcome the fundamental presumption that Plaintiffs' securities fraud claims will be resolved in a single trial.

## II.    ARGUMENT

Under Rule 42(b) of the Federal Rules of Civil Procedure, courts can bifurcate the trial of an action for "convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). Bifurcation is the exception; not the rule. *L-3 Communs. Corp. v. OSI Systems, Inc.*, 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005); *accord* Advisory Committee Note on Rule 42(b) (directing that "separation of issues for trial is not to be routinely ordered ..."). This Court has repeatedly directed that efficient judicial administration favors having only "one trial whenever possible":

> As courts have repeatedly stated, "**the presumption is that all claims in a case will be resolved in a single trial, and 'it is only in exceptional instances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subject of separate trials.'**" *Martinez* [*v. Robinson*], 2002 U.S. Dist. LEXIS 4454, at *5-6 [(S.D.N.Y. Mar. 18, 2002)] (quoting *Miller v. American Bonding Co.*, 257 U.S. 304, 307 ... (1921)); *Lewis* [*v. Triborough Bridge & Tunnel Auth.*], 2000 U.S. Dist. LEXIS 4982, at *5-6 (same); *see also Bowers* [*v. Navistar Int'l Transp. Corp.*], 1993 U.S. Dist. LEXIS 6129, at *5 ("**The piecemeal trial of separate issues in a single suit is not**

> to be the usual course."); *Phillips v. Lenox Hill Hosp.*, ... 1986 WL 12512, at *1 (S.D.N.Y. Oct. 24, 1986) ("**Courts have emphasized that separate trials should not be ordered unless such a disposition is clearly necessary**."); *Monaghan* [*v. SZS 33 Assocs., L.P.*], 827 F. Supp. [233,] 246 [(S.D.N.Y. 1993)] (highlighting "**the fundamental presumption which favors the trial of all issues to a single jury and underlies the assumption of Rule 42(b) that bifurcation ... is reserved for truly extraordinary situations of undue prejudice**"). This is the case because "**generally efficient judicial administration favors having only one trial whenever possible.**" *Id.* at 245 (citation omitted).

*In re: Blech Sec. Litig.*, 2003 U.S. Dist. LEXIS 4650, at *33-34 (Mar. 27, 2003) (emphasis added); *accord Kos Pharms., Inc. v. Barr Labs., Inc.*, 218 F.R.D. 387, 391 (S.D.N.Y. 2003). Whether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court. *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988).

Defendants have failed to meet their burden of establishing that bifurcation of liability and damages issues is warranted in this case. *See Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001) ("the party seeking bifurcation bears the burden of establishing that bifurcation is warranted").

### A.    Defendants Will Not Suffer Undue Prejudice If Evidence of All Elements of Plaintiffs' Securities Fraud Claims Are Presented During a Single Trial.

Defendants have made no showing that they will suffer "undue prejudice" were there to be a single trial on the liability and damages elements. *Blech*, 2003 U.S. Dist. LEXIS 4650, at *38, 43.

Defendants provide absolutely no support for their assertion that a defendant accused of defrauding investors would suffer undue prejudice if the same jury empaneled to decide whether the accused engaged in fraudulent conduct also decides during the same trial whether the fraudulent conduct caused investors to suffer financial losses and how much. Defendants argue that they may be prejudiced should the jury deciding liability hear evidence of class-wide financial losses (*i.e.*, aggregate damages) caused by the claimed securities fraud. While there is nothing improper about

presenting evidence of damages to the jury on an aggregate basis[1], Plaintiffs plan on presenting their damages evidence on a per share basis using a class-wide formula. Thus, any fears Defendants may have concerning aggregate damage testimony are unnecessary.

Relying on data from **personal injury** cases, Defendants also baselessly speculate that the jury may find Defendants liable of violating the securities laws, not on the merits, but rather out of sympathy for the Class, unless damages issues are tried separately. *See* Defs.' Brf. at 7 (citing 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2390 (2d ed.). Where the damage suffered is purely financial in nature, like in this case, as distinguished from bodily injury, the risk of undue prejudice as result of juror sympathy is entirely unsupported and cannot warrant bifurcation. Defendants cannot avoid through bifurcation the presentation of potentially sympathetic damage evidence relating to an element of a claimant's *prima facie* case, even in personal injury actions. *See Agron v. The Trustees of Columbia Univ.*, 1997 U.S. Dist. LEXIS 10146, at *9 (S.D.N.Y. July 15, 1997); *Monaghan* v. SZS 33 Assocs., L.P., 827 F. Supp. 233, 246 (S.D.N.Y. 1993); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 244 F. Supp. 247, 248 (S.D.N.Y. 2003) (refusing to bifurcate the liability and damage issues for trial in a securities class action, calling such a motion "**a broadside attack on the long existing assumptions and procedures relating to trials of class action litigation generally, and specifically securities fraud actions.**").

That the same jury will decide whether Defendants' statements were materially false and misleading and made with scienter will decide in the same trial the amount of damages caused by the fraudulent statements simply does not rise to the level of a "truly extraordinary situation of undue

---

[1] *See In re Oxford Health Plans, Inc. Sec. Litig.*, 244 F. Supp. 2d 247, 249-52 (S.D.N.Y. 2003); *see also In re WorldCom, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 3143 (S.D.N.Y. Mar. 4, 2005) (denying defendants' motion *in limine* to exclude expert testimony regarding aggregate class-wide damages).

prejudice" that would necessitate bifurcation. *Monaghan*, 827 F. Supp. at 246 (citing cases).

Moreover, were Defendants' request to bifurcate based on the assertion of "undue prejudice"

granted, the trial of every securities fraud action would hereafter require bifurcation.

Defendants will not suffer undue prejudice if Plaintiffs' securities fraud claims are decided

in a single trial.

**B.    Separate Trials on Liability and Damages Would Be Inefficient, Resulting in Increased Expenses, Further Delay and Waste of Judicial Resources.**

The issues of liability and damages in this case, as in most securities fraud cases, are

inextricably intertwined.  Consequently, the witnesses and documentary evidence proffered in

relation to the interwoven issues will overlap.  Were the issues to be tried separately, many witnesses

would be called twice and documentary evidence would need to be reintroduced.  Duplicative

testimony and redundant assessment and examination of factual issues would be inefficient, reducing

rather than increasing judicial economy.

Defendants' entire efficiency and judicial economy argument is based on the possibility that

the jury may find for Defendants at the liability stage, making a determination of damages

unnecessary. *See* Defs.' Brf. at 6.  While this potential exists in any case tried piecemeal, the

speculative possibility of the jury finding for an accused with respect to liability cannot warrant

bifurcation where the issues still left to be decided are inextricably intertwined with the issue of

liability, such as the materiality, loss causation, and damages elements of a securities fraud claim.

*See In re WorldCom, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 2214, at *5-6 (S.D.N.Y. Feb. 18, 2005)

(ruling that all class-wide issues will be tried together in a plenary trial, including reliance,

knowledge and damages); *Blech*, 2003 U.S. Dist. LEXIS 4650, at *41-43.  For instance, in proving

liability, Plaintiffs will provide the jury information about, among other things, (1) why the alleged

false statements and omissions were material to investors, (2) why the value of Veeco stock was important to Defendants, (3) how Defendants benefitted from an artificially inflated stock price, and (4) when and how the truth about Veeco's operations and financial condition was revealed. With respect to the issue of damages, Plaintiffs will provide the jury information about, among other things, (1) why the alleged false statements and omissions were material to investors, (2) how material the alleged false statements and omissions were to investors – *i.e.*, how much stock price inflation was caused by each false statement or omission, (3) why other events at Veeco were material or immaterial to investors and the effect those events had on Veeco's stock price, (4) when and how the truth about Veeco's operations and financial condition was revealed, and (5) the effect of the disclosure of the fraud on the value of Veeco's stock – *i.e.*, the level of deflation in Veeco's stock price once investors learned the true state of Veeco's operations and financial condition.

The witnesses and documentary evidence proffered in relation to the interwoven liability and damage issues overlap, which makes separate trials inappropriate. *See Blech*, 2003 U.S. Dist. LEXIS 4650, at *34-35; *Monaghan*, 827 F. Supp. at 245-46 (finding that "in light of the interconnectedness of the issues, there will be an inevitable overlap of witnesses and documentary evidence central to both liability and damage claims. This alone defeats the claim of judicial economy insofar as two separate juries would have to be empaneled to hear much of the same evidence"). Thus, should Plaintiffs be required to separately litigate the issue of damages after a trial on the issue of liability, to provide the jury a proper factual background, Plaintiffs would need to call several of the same witnesses at each trial, including their accounting and damages experts, and the testimony would be redundant. Plaintiffs would also be compelled to reintroduce the documentary evidence on which the experts' opinions are based. Defendants would likewise be forced to do the same. "Such duplicative testimony and redundant assessment of factual issues would be inefficient, reducing

-6-

rather than increasing judicial economy." *Blech*, 2003 U.S. Dist. LEXIS 4650, at \*42-43 (quoting *HCC, Inc. v. RH&M Machine Co.*, 1998 U.S. Dist. LEXIS 18968, at \*6 (S.D.N.Y. Dec. 4, 1998)); *Gaus v. Conair Corp.*, 2000 U.S. Dist . LEXIS 12981, at \*8-9 (S.D.N.Y. Sept. 7, 2000) (refusing to bifurcate liability and damages in a patent infringement case where it would result in repeat evidence and testimony and "Judicial in-economy will clearly result ... because ... witnesses will have to be dragged into court twice, repeating a myriad of detailed background information."); *Monaghan*, 827 F. Supp. at 246; *Kos Pharms.*, 218 F.R.D. at 390-91 (noting that inconveniences and inefficiencies of dual proceedings weigh against bifurcation, and for those probable adverse events to be overcome, circumstances justifying bifurcation should be particularly compelling and prevail only in exceptional cases).

In addition, the PSLRA requires that the jury answer special interrogatories with respect to each Defendant and each other person claimed to have caused or contributed to the losses incurred by the Class concerning (1) "whether such person violated the securities laws"; (2) "the percentage of responsibility of such persons, measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff"; and (3) "whether such person knowingly committed a violation of the securities laws." 15 U.S.C. § 78u-4(f)(3)(A). The PSLRA further requires that "[t]he responses to the interrogatories ... specify the total amount of damages that the plaintiff is entitled to recover and the percentage of responsibility of each covered person found to have caused or contributed to the loss incurred by the plaintiff or plaintiffs." *Id.* § 78u-4(f)(3)(B). Only a jury that decides both the liability and damages issues can answer the PSLRA mandated special interrogatories.

In the few decisions Defendants cite in their brief involving securities fraud claims, the courts allowed bifurcation to address issues of individual reliance – as distinguished from the fraud-on-the-

market presumption – in relation to determinations as to whether investors not entitled to a presumption of reliance were damaged and how much. As your Honor recognized in *DeMarco v. National Collector's Mint, Inc.*, 229 F.R.D. 73 (S.D.N.Y. 2005), where damages can be calculated using a class-wide formula, as they will be at this trial, damages should not be tried separately from liability. 229 F.R.D. at 82.

Furthermore, inasmuch as the liability and damages issues arising from securities fraud claims are inextricably intertwined, bifurcation of those elements would "present special challenges to insure that there is no violation of the Seventh Amendment right to trial by jury." *WorldCom*, 2005 U.S. Dist. LEXIS 2214, at *6 (citing *Blyden v. Mancusi*, 186 F.3d 252, 268 (2d Cir. 1999)).

As for juror comprehension, the issues in this case are not so complex as to necessitate bifurcation. The jury will be able to distinguish the liability issues from damages issues. Moreover, separate trials on the interwoven liability and damages issues would likely create greater jury confusion than were the jury to hear all of the evidence with respect to all elements at one trial.

Bifurcation of the liability and damages issues in this case would likely result in huge inefficiencies, increased expenses, significant inconvenience, and further delay, while draining judicial resources.

**III.    CONCLUSION**

For the foregoing reasons, Defendants' Motion *in Limine* to bifurcate the trial of this action into liability and damages phases should be denied.

Dated:  June 13, 2007

Respectfully submitted,

**BERGER & MONTAGUE, P.C.**

Sherrie R. Savett
Carole A. Broderick
Phyllis M. Parker
Jeffrey L. Osterwise
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674
*Lead Counsel for Lead Plaintiff Steelworkers*
*Pension Trust and the Class*

416682_01.wpd